## IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

ELIZABETH K. CLARKE

    Plaintiff,

vs.

CASE NO:

DIVISION:

CIRCLE K STORES INC., FL FLORIDA INC., and
SHELL OIL COMPANY,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, ELIZABETH K. CLARKE, and by and through undersigned counsel, sues Defendants, CIRCLE K STORES INC., FL FLORIDA INC., AND SHELL OIL COMPANY and alleges as follows:

### General Allegations

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of cost, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court. Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1. Section 21, Fla. Const.

EXHIBIT A

2. That at all times material hereto the Plaintiff, ELIZABTHE K. CLARKE, was and is a resident of Hillsborough County, Florida.

3. That at all times Defendant, CIRCLE K STORES INC., was authorized and doing business in Hillsborough County, Florida and throughout the State of Florida.

4. That at all times Defendant, FL FLORIDA INC. was and is a corporation doing business in Hillsborough County, Florida and throughout the State of Florida.

5. That at all times Defendant, SHELL OIL COMPANY was and is a corporation doing business in Hillsborough County, Florida and throughout the State of Florida.

6. The incident, which is the subject matter of this lawsuit, arose in Tampa, Hillsborough County, Florida. Therefore, venue remains in Hillsborough County, Florida.

### COUNT I - NEGLIGENCE AGAINST CIRCLE K STORES INC.

7. Plaintiff, ELIZABETH K. CLARKE, adopts and realleges all of the allegations in paragraphs 1 through 6 as though fully set forth herein.

8. That on or about May 24, 2017, Defendant, CIRCLE K STORES INC., was in possession of, managed, maintained and/or controlled a property located at or near 12401 N. Nebraska Ave., Tampa, Hillsborough County, Florida.

9. That at said time and place, Plaintiff, ELIZABETH K. CLARKE, was on said property as a customer, and therefore, was otherwise lawfully on the property.

10. That at said time and place, Plaintiff, ELIZABETH K. CLARKE, was walking in the outside area when she slipped and fell on a wet and slippery substance at or near the entrance of the building.

11. That at all times material, Defendant owed Plaintiff the duty to use reasonable

12. Defendant breached its duties to Plaintiff in one or more of the following respects, including but not limited to:

    a. Failing to exercise reasonable care in maintaining the front entrance to the building;

    b. Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition did not exist in the front entrance to the building.

    c. Failing to warn Plaintiff that due to poor design of drainage a dangerous condition exist;

    d. Failing to upkeep and/or repair the front entrance to the building

    e. Failing to periodically and properly check the front entrance to determine if repair or redesign was needed to prevent an unreasonably dangerous condition to the front entrance.

13. Defendant had actual knowledge of the dangerous condition; or if Defendant lacked such actual knowledge, this dangerous condition existed for such a length of time that, in the exercise of ordinary care, the Defendant, CIRCLE K STORES INC., should have known of the condition; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

14. That this condition was not readily apparent to someone who could get injured, such as the Plaintiff.

15. At all times material, Defendant had exclusive custody and control of the area where Plaintiff was injured.

16. As a result of the Defendant, CIRCLE K STORES INC.'s negligence, the Plaintiff, ELIZABETH K. CLARKE, was injured in and about her body and extremities,

suffered pain therefrom, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and her working ability was impaired; the injuries are either permanent or continuing in nature and the Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, the Plaintiff, ELIZABETH K. CLARKE, demands judgment for damages against the Defendant, CIRCLE K STORES INC., in excess of the jurisdictional limits; compensatory damages; any and all taxable costs; and such other relief as this Court deems just and proper.

## COUNT II - NEGLIGENCE AGAINST FL FLORIDA INC.

17. Plaintiff, ELIZABETH K. CLARKE, adopts and realleges all of the allegations in paragraphs 1 through 6 as though fully set forth herein.

18. That on or about MAY 24, 2017, Defendant, FL FLORIDA INC., was in possession of, managed, maintained and/or controlled a property located at or near 12401 N. Nebraska Ave., Tampa, Hillsborough County, Florida.

19. That at said time and place, Plaintiff, ELIZABETH K. CLARKE, was on said property as a customer, and therefore, was otherwise lawfully on the property.

20. That at said time and place, Plaintiff, ELIZABETH K. CLARKE, was walking in the outside area when she slipped and fell on a wet and slippery substance at or near the entrance of the building

21. That at all times material, Defendant owed Plaintiff the duty to use reasonable care.

22. Defendant breached its duties to Plaintiff in one or more of the following respects, including but not limited to:

  a. Failing to exercise reasonable care in maintaining the front entrance to the building;

  b. Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition did not exist in the front entrance to the building.

  c. Failing to warn Plaintiff that due to poor design of drainage a dangerous condition exist;

  d. Failing to upkeep and/or repair the front entrance to the building

  e. Failing to periodically and properly check the front entrance to determine if repair or redesign was needed to prevent an unreasonably dangerous condition to the front entrance

23. Defendant had actual knowledge of the dangerous condition; or if Defendant lacked such actual knowledge, this dangerous condition existed for such a length of time that, in the exercise of ordinary care, the Defendant, FL FLORIDA INC., should have known of the condition; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

24. That this condition was not readily apparent to someone who could get injured, such as the Plaintiff.

25. At all times material, Defendant had exclusive custody and control of the area where Plaintiff was injured.

26. As a result of the Defendant, FL FLORIDA INC.'s negligence, the Plaintiff, ELIZABETH K. CLARKE, was injured in and about her body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and her working ability was impaired; the injuries are either

permanent or continuing in nature and the Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, the Plaintiff, ELIZABETH K. CLARKE, demands judgment for damages against the Defendant, FL FLORIDA INC., in excess of the jurisdictional limits; compensatory damages; any and all taxable costs; and such other relief as this Court deems just and proper.

### COUNT III - NEGLIGENCE AGAINST SHELL OIL COMPANY

27. Plaintiff, Nancy Velasquez, adopts and realleges all of the allegations in paragraphs 1 through 6 as though fully set forth herein.

28. That on or about MAY 24, 2017, Defendant, SHELL OIL COMPANY, was in possession of, managed, maintained and/or controlled a property located located at or near 12401 N. Nebraska Ave., Tampa, Hillsborough County, Florida.

29. That at said time and place, Plaintiff, ELIZABETH K. CLARKE, was on said property as a customer, and therefore, was otherwise lawfully on the property

30. That at said time and place, Plaintiff, ELIZABETH K. CLARKE, was walking in the outside area when slipped and fell on a wet and slippery substance at or near the entrance of the building.

31. Defendant breached its duties to Plaintiff in one or more of the following respects, including but not limited to:

    a. Failing to exercise reasonable care in maintaining the front entrance to the building;

    b. Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition did not exist in the front entrance to the building.

    c.    Failing to warn Plaintiff that due to poor design of drainage a dangerous condition exist

    d.    Failing to upkeep and/or repair the front entrance to the building

    e.    Failing to periodically and properly check the front entrance to determine if repair or redesign was needed to prevent an unreasonably dangerous condition to the front entrance

32. Defendant had actual knowledge of the dangerous condition; or if Defendant lacked such actual knowledge, this dangerous condition existed for such a length of time that, in the exercise of ordinary care, the Defendant, SHELL OIL COMPANY, should have known of the condition; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

33. That this condition was not readily apparent to someone who could get injured, such as the Plaintiff.

34. At all times material, Defendant had exclusive custody and control of the area where Plaintiff

35. As a result of the Defendant, SHELL OIL COMPANY's negligence, the Plaintiff, ELIZABETH K. CLARKE, was injured in and about her body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and her working ability was impaired; the injuries are either permanent or continuing in nature and the Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, the Plaintiff, ELIZABETH K. CLARKE, demands judgment for damages against the Defendant, SHELL OIL COMPANY, in excess of the jurisdictional limits;

compensatory damages; any and all taxable costs; and such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Florida Rules of Civil Procedure 1.430, Plaintiff demands a jury trial for all issues so triable Signed this 4th day of January 2021.

Eric T. Taylor, Esquire
Florida Bar No.: 0110515
Email: law@erictaylor.org
203 N. Armenia Avenue, Ste. 101
Tampa, FL 33609
Phone: (813) 259-4444
Fax: (813) 259-4443
Counsel for the Plaintiff